UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| *GREAT AMERICAN ALLIANCE INSURANCE COMPANY,* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:17-CV-04035-NKL ) |
| *DEVIN STUTES, ET AL.,* | ) ) |
| Defendants. | ) |

**PLAINTIFF GREAT AMERICAN ALLIANCE INSURANCE COMPANY'S SUGGESTIONS IN OPPOSITION TO KARLEE RICHARDS' AND JEREMY RICHARDS' MOTION TO EXCLUDE THE DEPOSITION OF TANYA SMITH**

**I.     PRELIMINARY STATEMENT**

Defendants Jeremy and Karlee Richards ("Defendants"), confronted with uncontroverted deposition testimony given in response to a corporate representative deposition they noticed up in the underlying lawsuit they filed in Missouri state court, now object and seek to exclude Great American Alliance Insurance Company's ("Great American") use of the deposition testimony of Tanya Smith. Ms. Smith was the corporate designee of LifeWay Christian Resources of the Southern Baptist Convention, d/b/a Student Life ("LifeWay") in the underlying lawsuit relevant to this declaratory judgment action. Ms. Smith was not the corporate representative of Great American or of any party to this lawsuit.

Defendants' attempts to exclude Ms. Smith's deposition testimony is an indirect, backdoor attempt to create a fact issue preventing summary judgment for Great American. Because Ms. Smith's testimony is uncontroverted, Defendants seek to exclude this deposition testimony from consideration in deciding Great American's summary judgment motion by advancing the untenable argument that, because Ms. Smith testified as a corporate representative,

none of her testimony can be considered. Restated, under Defendants' argument a corporate representative deposition could never be used to support a statement of fact at the summary judgment stage of a case.

This has never been the law. Not only does Rule 56 of the Federal Rules of Civil Procedure specifically mention depositions as being used to support an uncontroverted material fact, there is no distinction made or exception stated in Rule 56 pertaining to corporate representative depositions. Rather than citing to the applicable rules and law, Defendants focus on, and misinterpret, irrelevant evidentiary rules and case law and ignore the applicable standard governing the outcome of this issue.

Because the specific topics at issue in Ms. Smith's deposition could be presented in an admissible form at trial, and Defendants make no specific claim to the contrary, their motion should be denied.

## I. DEFENDANTS' MOTION

Defendants' motion is their attempt at a second bite of the proverbial apple on this issue. In the underlying lawsuit Defendants filed in Missouri state court, after noticing up the corporate representative deposition of LifeWay, which resulted in Ms. Smith's testimony, Defendant Karlee Richards sought to exclude Ms. Smith's testimony from use at both the summary judgment and trial stages of that litigation. The trial court in the underlying lawsuit denied Ms. Richards' motion[1] with the exception of a few portions of Ms. Smith's deposition – none of which have been cited to or relied on in this case by Great American. In making its ruling clear, the trial court stated:

---

[1] Defendant Richards' brief does not mention this ruling on the same issue, which is an interesting omission in view of the requirements of Rule 3.3(2) of the Rules of Professional Conduct.

2

9354629.v1

> In so ruling this court has considered the argument of counsel for Plaintiff that Ms. Smith lacks personal knowledge of the matters testified to in the designations. This Court concludes that the testimony of Ms. Smith at page 16 line 23 through page 17 line 6, page 133 line 16 through page 135 line 11 and page 163 line 10 through 15 of her deposition establish a sufficient foundation that Ms. Smith has personal knowledge of the matters testified to in the designations objected to except as sustained by the Court.

(*See* Exhibit A: October 23, 2017 Order)

Despite this ruling, Defendants again – and disingenuously at best – make the same argument to this Court that no portion of Ms. Smith's deposition testimony can be used to support Great American's motion for summary judgment. Defendants' argue that, because a Federal Rule of Civil Procedure 30(b)(6) deposition allows a corporate representative to testify on behalf of a corporation and absent personal knowledge, this means that the entirety of a corporate representative's deposition testimony cannot be used in support of summary judgment. Defendants' motion claims Ms. Smith's deposition testimony violates both Federal Rules of Evidence 602 and 802 and conflates the issue that a corporate representative *need not* have personal knowledge with whether a corporate representative *can* have personal knowledge. Defendants also make the blanket claim Ms. Smith's deposition testimony is inadmissible hearsay without pointing to any of the specific designations claimed to be hearsay. Finally, while focusing on Rule 30(b)(6), Defendants' motion ignores that the deposition at issue was not taken in federal court but was taken in a Missouri state court proceeding, where Supreme Court Rule 57.07 makes clear a deposition can be used for any purpose.

Put simply, absent from Defendants' motion is a single example of specific testimony by Ms. Smith relied on by Great American in its motion for summary judgment that Defendants believe could not be presented in an admissible form at trial. Rather, Defendants take the errant position the entire deposition of Ms. Smith cannot be used solely because she testified in her capacity as a corporate representative. Defendants;' motion lacks merit.

## II.    LAW AND ARGUMENT

Analysis of this issue begins with Rule 56, which specifically references depositions as being used to support a proposed statement of uncontroverted material fact. There is no distinguishing in Rule 56 between the types of depositions that can and cannot be used, including no specific mention of corporate representative depositions. Defendants' motion and suggestions in support of their motion makes no specific mention of this component of Rule 56, nor do Defendants even set forth the particular standard by which summary judgment exhibits are to be evaluated. Rather, Defendants simply state Ms. Smith could not have personal knowledge because she was a corporate representative and further argue her entire deposition is hearsay under Federal Rule 802. In the one reference to Rule 56 in Defendants' entire motion, they fail to even cite to the proper portion of the Rule. (*See* Document 52, p. 2)

"Under Rule 56(c)(2), '[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.'" *Corelink v. Phygen, LLC*, 2014 WL 7140442 * 2 (E.D. Mo.), quoting *Gannon, Int'l, Ltd. V. Blocker*, 684 F.3d 785, 793 (8th Cir. (Mo.) 2012) (*citing* Rule 56 advisory committee's note). When challenged, the proponent must either show that the material as presented is admissible or "explain the admissible form that is anticipated." *Id*. The applicable standard "is not whether the evidence at the summary judgment stage would be admissible at trial – it is whether it could be presented at

4

Case 2:17-cv-04035-NKL   Document 62   Filed 01/31/18   Page 4 of 9

trial in an admissible form." *Gannon Int'l, Ltd.*, 684 F.3d at 793 (*citing* Rule 56(c)(2)); *See also Raber v. Curry Ice & Coal of Carlinville, Inc.*, 2012 WL 4321203 (W.D. Mo.) . Hence, "a court may consider some forms of hearsay evidence in deciding a motion for summary judgment" so long as the evidence is consistent with the standard set forth in Rule 56. *Worthy v. Mich. Bell Tel. Co.*, 472 Fed.Appx. 342, 344 (6th Cir. 2012). Defendants' motion completely ignores this standard, much less demonstrates the specific deposition designations of Ms. Smith fail to meet this standard.

Not only do Defendants' fail to cite a single case from within Missouri – or even within the 8th Circuit – they also fail to cite a single case dealing with summary judgment exhibits as opposed to testimony at trial. In so doing, Defendants ignore multiple cases within Missouri that govern the outcome of Defendants' motion. For instance, in *Davenport v. Charter Communications, LLC*, 2014 WL 1272783 (E.D. Mo.), the court failed to strike affidavits because the movant failed to base its arguments on the proper standard. Specifically, the Court noted that "Defendant does not allege that the facts set forth in the affidavits '*cannot* be presented in a form that would be admissible in evidence,' as Rule 56(c) requires." *Id*. at * 6 (emphasis in original), citing Rule 56(c)(2).

Similarly, in *West American Ins. Co. v. RLI Ins. Co.*, 2009 WL 1912525 (W.D. Mo.), this Court granted summary judgment and relied on the corporate representative deposition testimony of a witness in finding there were no undisputed facts. Likewise, in the *Corelink* case, cited above, the court used the corporate representative deposition testimony of a witness to authenticate a summary judgment exhibit and used that deposition testimony in concluding that "[P]roper foundation can certainly be established for these documents if they are admitted at trial" such that a motion to strike exhibits was denied. 2014 WL 7140442 at * 2.

5

Based on the above, Defendants' motion lacks merit for multiple reasons. First, it simply has applied the wrong standard. There is no merit – and no cited legal support – to the argument that a corporate representative deposition in its entirety cannot be used in support of summary judgment or that the entire deposition testimony is hearsay. To the contrary, a corporate representative deposition can be used as an exhibit so long as the specific testimony relied on could be presented in an admissible form at trial. In that Defendants do not even set forth the applicable standard, it follows they have not established they are entitled to the relief they seek in their motion.

Furthermore, Defendants do not establish the specific testimony of Ms. Smith relied on by Great American that was not based on her personal knowledge. Defendants instead argue that because a corporate representative does not need to have personal knowledge this somehow means Ms. Smith did not in fact have personal knowledge. Further illustrating the lack of support for their position, Defendants' motion points to five instances where Ms. Smith indicated she did not have personal knowledge as to questions she was asked, ***none of which have anything to do with any of the testimony cited by Great American in support of its summary judgment motion***. If there is any inference to be drawn from Defendants' random citations to Ms. Smith's deposition testimony on irrelevant issues such as contract negotiations between Windermere and Student Life, the Certificate of Insurance issued to Windermere, and Windermere's rules for use of its premises, it is that Ms. Smith did have personal knowledge as to the portions of her testimony relied on by Great American. If she lacked such knowledge, Defendants would have cited to portions of her testimony establishing as much.

The same is true of Defendants' argument that Ms. Smith's testimony is inadmissible hearsay. Rather than citing to any of the specific provisions of Ms. Smith's testimony relied on

6

9354629.v1

by Great American and establishing why the specific testimony relied on constitutes hearsay, Defendants make the errant legal argument that all testimony of a corporate representative is inadmissible hearsay. It is not, and the above standard makes this clear. Furthermore, not only do they not cite to any specific portion of her corporate representative deposition testimony, they instead chose to attach to their motion the deposition Ms. Smith gave in this case in her personal capacity instead of attaching and analyzing her corporate representative deposition testimony.

Finally, even if Defendants had based their arguments on the proper standard, it is still clear their motion lacks merit. As noted above, a proponent of a summary judgment exhibit need not show that the summary judgment exhibit itself is admissible or even that it would be admissible at trial. Rather, it must only be shown that it *could be* presented in an admissible form trial. Hence, Great American would need only to show that Ms. Smith's testimony is admissible or "to explain the admissible form that is anticipated." *Raber*, 2012 WL 4321203 at * 2.

First, the deposition testimony relied on by Great American is not hearsay. There is no indication in the testimony cited by Great American that Ms. Smith did not have specific knowledge, and she is not setting forth what someone else said to her or otherwise relaying an out of court statement. More importantly, even if Ms. Smith's testimony on these topics as a corporate representative were improper, this same testimony *could* certainly be elicited at trial in the form of testimony as an individual witness – and not as a corporate representative – and that alone is sufficient to satisfy the requirement of Rule 56(c)(2). Put simply, there simply is no merit, and Defendants have certainly not established any merit, to Defendants' argument that Ms. Smith's deposition testimony should be stricken.

### III. CONCLUSION

This motion represents Defendants' second attempt to exclude the same deposition

testimony of Ms. Smith as their only means of attacking her uncontroverted testimony. However, Defendants have failed to set forth the appropriate legal standard for the relief they seek, much less establish they are entitled to such relief. Based on all of the above, Defendants' motion should be denied.

                                            SANDBERG PHOENIX & von GONTARD P.C.

                              By:        /s/*Kenneth R. Goleaner*
                                       John S. Sandberg, #22664
                                       Kenneth R. Goleaner, #51043
                                       600 Washington Avenue - 15th Floor
                                       St. Louis, MO  63101-1313
                                       314-231-3332
                                       314-241-7604 (Fax)
                                       E-mail:  jsandberg@sandbergphoenix.com
                                       E-mail:  kgoleaner@sandbergphoenix.com
                                       *Attorneys for Plaintiff*
                                       *Great American Alliance Insurance Company*

## Certificate of Service

      I hereby certify that on this 31st day of January, 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Patrick M. Martucci
Mr. Glenn Gulick
Johnson, Vorhees & Martucci - Joplin
patrick@4stateslaw.com
glenn@4stateslaw.com

*Attorneys for Defendants*
*Jeremy Richards and Karlee Richards*

Mr. Brian D. Malkmus
Mr. Alex Riley
Malkmus Law Firm LLC
bmalkmus@malkmuslaw.com

*Attorneys for Defendants*
*Devin Stutes and Amanda Stutes*

                                  /s/*Kenneth R. Goleaner*