**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DEVIN STUTES, AMANDA STUTES, JEREMY RICHARDS AND KARLEE RICHARDS,<br><br>Defendants. | ) | No. 2:17-cv-04035-NKL |

**ORDER**

Defendants Jeremy Richards and Karlee Richards moved to dismiss or stay this declaratory judgment action by Plaintiff Great American Alliance Insurance Company in light of a garnishment proceeding that the Richards brought in state court against Great American. For the reasons set forth below, the Court GRANTS the motion to dismiss.

## I. BACKGROUND

In June 2014, at the age of sixteen, Ms. Richards, along with her Searcy Baptist Church youth group, attended a summer camp sponsored by Student Life, a division of Lifeway Christian Resources of the Southern Baptist Convention, at Windermere Baptist Conference Center in Missouri. While there, Ms. Richards was injured when she fell from a zip-lining course. To date, Ms. Richards has undergone more than 25 surgeries and incurred medical expenses exceeding $1.8 million as the result of that fall.

The Richards subsequently sued, *inter alia*, Devin Stutes, Searcy's youth leader at the time of the camp and head chaperone for the trip to Windermere, and Amanda Stutes, another chaperone for the trip to Windermere. The suit was filed in the Circuit Court of Morgan County.

On November 18, 2016, the Stutes tendered a claim to Great American seeking defense and indemnity for the claims against them, asserting that they were additional insureds under a policy that Great American issued to Lifeway. On December 7, 2016, Great American denied the Stutes' tender.

On February 28, 2017, Great American filed this action, seeking a declaration "that no liability coverage exists under the Great American policy issued to Lifeway for any of the claims asserted against Defendants Devin Stutes and Amanda Stutes in the Underlying Lawsuit, that Great American owes neither a duty to defend them nor a duty to indemnify them from the claims and allegations asserted in the Underlying Lawsuit, for its costs . . . ." Doc. 1.

On May 10, 2017, the Stutes were dismissed from the Morgan County action. However, that same month, the Richards filed a new lawsuit in Jasper County against the Stutes and others.

A judgment was entered in the Richards' Jasper County action against tortfeasors Windermere Baptist Conference Center, Inc. and Amanda Stutes and Devin Stutes on October 24, 2017. The Richards then filed a garnishment application on January 5, 2018 naming Great American as garnishee and seeking to garnish proceeds, payments, and obligations under four specified policies. Doc. 48-3. The application was filed pursuant to Chapter 525 of the Revised Statutes of Missouri. Doc. 64-1, at 2.

On January 12, 2018, the Richards moved to stay or dismiss this action in light of the garnishment proceeding in state court, and Great American filed a motion for summary judgment. On February 2, 2018, Great American removed the garnishment proceeding to federal court, on the basis of diversity. *See Richards v. Great American Alliance Insurance Company*, No. 18-5011-SRB. In papers in opposition to the Richards' motion to dismiss this case, Great American argued that, because there no longer was a state court action, there was no basis for the

Court to abstain. Doc. 64. In reply, the Richards asked the Court to stay consideration of their motion to dismiss until after the Richards moved to remand the garnishment proceeding to state court. Doc. 70.

On March 2, 2018, the Richards voluntarily moved for dismissal without prejudice of the garnishment proceeding. *Richards*, No. No. 18-5011-SRB, Doc. 10. The garnishment proceeding was dismissed on March 27, 2018. *Id.*, Doc. 17.

On April 6, 2018, the Richards filed a new garnishment proceeding, this time, pursuant to Missouri Revised Statutes Section §379.200.

## II. DISCUSSION

District courts possess "unique and substantial discretion" in determining whether to hear cases brought pursuant to the Declaratory Judgment Act, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286 (1995); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) ("[I]n a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction . . . ."). In such cases, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

When determining whether to abstain from exercising jurisdiction because of a parallel state court proceeding, the Court must consider "the scope and nature of the pending state court proceeding," and determine whether the issues "can be better settled by the state court." *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court

presenting the same issues, not governed by federal law, between the same parties.'" *Id.* at 874-75 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

The threshold question in determining whether to dismiss this suit is "whether there are parallel proceedings in state court that present an opportunity for the same issues to be addressed." *Atain Specialty Ins. Co. v. Frank*, No. 12-CV-01290-NKL, 2013 WL 12145863, at *3 (W.D. Mo. Mar. 25, 2013). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). Factors relevant to whether proceedings are parallel include "the scope of the pending state court proceeding and the nature of defenses open there." *Wilton*, 515 U.S. at 282–83 (quotation omitted). Evaluating these factors "entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.* at 283.

The parties before the Court now are all parties to the state court proceeding.[1] Great American argues that the issues before the Court are different from those pending in state court. Great American cites the facts that (1) this action seeks a declaration regarding coverage for the Stutes in the Morgan County lawsuit, and (2) the currently pending Jasper County state court action was never tendered to Great American. However, the Stutes were dismissed from the Morgan County lawsuit. To the extent that Great American insists that this action concerns coverage for the Stutes in an action from which they were dismissed, the request for declaratory judgment is moot for lack of a case or controversy. To the extent that any case or controversy

[1] Great American points out that not all of the parties to the state court proceeding are parties here, but that is of no matter. The relevant question is whether there are parties to this action who are not amenable to process in state court, and there are none.

remains between Great American and the Richards as to coverage for the Stutes, the dispute concerns matters at issue in the Jasper County state court action.

Furthermore, interpretation of the insurance contract as to which Great American seeks a declaration is governed by state law, which the state court is better poised to apply. Finally, while this declaratory judgment actions concerns one Great American policy, the state court proceeding concerns not only the policy at issue here, but also three additional Great American policies. The state court thus is in the unique position of being able to afford complete relief to the parties to this action. For these reasons, abstention is warranted.

The Court is not swayed by Great American's argument that the fact that this action was filed before the state court garnishment action should preclude abstention. The Eighth Circuit has found abstention to be "required even when the declaratory judgment action was filed months before the state-court action." *W. Heritage Ins., Co. v. Sunset Sec., Inc.*, 63 F. App'x 965, 967 (8th Cir. 2003); *see also Haverfield*, 218 F.3d at 872 (holding, despite the fact that the insurer's federal declaratory judgment action was filed six months before the state court action, that "the state court was in a better position to adjudicate the matter" and the district court therefore should have abstained). Moreover, Great American's ability to file a declaratory judgment action long before a garnishment action could be filed should not be a decisive factor in determining the appropriate forum for the case.

The Court also is not persuaded by Great American's argument that its efforts in this case will have been for naught if this action is dismissed. The parties will be able to raise in state court the very same motions and issues they have raised here.

Because the Court foresees "no reason for the case to return to federal court," the Court finds dismissal, rather than a stay, appropriate. *See Haverfield*, 218 F.3d at 875 n. 2 (8th Cir. 2000).

## III. CONCLUSION

For the reasons discussed above, the Richards' motion to dismiss is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 13, 2018
Jefferson City, Missouri